Lanzinger, J.,
concurring in judgment only.
{¶ 24} I concur in the judgment.
{¶ 25} In arguing that a political-subdivision employer is immune from liability for a workplace intentional tort, appellants rely on decisions by this court in workers’ compensation cases holding that an employer’s intentional tort against an employee does not arise out of the employment relationship. Thus, appellants argue, political subdivisions remain immune from liability for workplace intentional torts because such torts do not “arise[ ] out of the employment relationship” as required by R.C. 2744.09(B).
{¶ 26} Although certain aspects of appellants’ position, are persuasive, I believe that we must read the statute as written and, if a legislative response is necessary, wait for it to occur. A political subdivision does not have the protection of R.C. Chapter 2744 immunity if its employee asserts a civil action “relative to any matter that arises out of the employment relationship between the employee and the political subdivision.” R.C. 2744.09(B). As it is now defined, an intentional tort arises out of the employment relationship.
{¶ 27} R.C. 2745.01 defines “intentional tort” as follows:
(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
(B) As used in this section, “substantially certain” means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.
(Emphasis added.)
{¶ 28} The General Assembly has rejected the artificial theory set forth in Blankenship v. Cincinnati Milacron Chems., Inc., 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), and its progeny that intentional torts arise outside the employment relationship and cannot be received in the course of employment. I believe that *426 in this case we are acknowledging that an intentional tort, as it has been redefined by statute, may indeed arise in the course of employment. The legal fiction that such a tort arises outside of the employment relationship should be put to rest, and language that was invoked initially to broaden workers’ recovery should not now be used to immunize political subdivisions.
Nancy C. Schuster, for appellee.
Roetzel & Andress, L.P.A., Stephen W. Funk, Aretta K. Bernard, and Karen D. Adinolfi, for appellants.
Christina M. Royer, Ltd., and Christina M. Royer; Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro; Paul L. Cox; and Hunter, Carnahan, Shoub & Byard and Russell E. Carnahan, urging affirmance for amici curiae Fraternal Order of Police of Ohio, Inc., Fraternal Order of Police, Capital City Lodge No. 9, Akron Firefighters IAFF Local 330, and Ohio Employment Lawyers Association.
Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Rebecca K. Schaltenbrand, and Stephen J. Smith; and Uohn Gotherman, urging reversal for amicus curiae Ohio Municipal League.
{¶ 29} I agree that there are material issues over whether the facts in this case set forth a civil action against CMHA “relative to any matter that arises out of the employment relationship” between Sampson and CMHA. I therefore join in the judgment. This case must therefore continue to trial, subject to proof of an intentional tort as redefined by R.C. 2745.01 — that is, that the employer acted with the intent to injure or with belief that the injury was substantially certain to occur, meaning that the employer acted with deliberate intent to cause the injury. See R.C. 2745.01(A) and (B).
{¶ 30} Because R.C. 2744.09(B) removes the protection of immunity for a political-subdivision employer for injuries to its employees that arise out of the employment relationshijp, a political subdivision is at risk for liability in intentional-tort suits that satisfy the terms of R.C. 2745.01. If the General Assembly wishes to expand immunity to protect the political-subdivision employer and leave only the individual tortfeasor liable, as appellants argue is the legislative intent, then the General Assembly must amend the statute to do so.